IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DONTOYA BLACKSHEAR, § | | |
| Plaintiff, § | | |
| § | | |
| v. § | CIVIL ACTION NO. H-07-0335 | |
| § | | |
| ANDRE A. WHEELER, § | | |
| Defendant. § | | |

## MEMORANDUM OPINION AND ORDER

Dontoya Blackshear, an inmate in custody of the Harris County Jail in Houston, Texas, files this complaint under 42 U.S.C. § 1983, alleging violations of his civil rights. Plaintiff proceeds *pro se* and requests leave to proceed *in forma pauperis*. The threshold question is whether plaintiff's claims should be dismissed for failure to state a claim. The Court concludes that this lawsuit fails to state a claim, and should be dismissed for the reasons that follow.

Plaintiff reports that he retained the defendant, attorney Andre A. Wheeler, to defend him in a state felony case. Plaintiff complains that Wheeler failed to file pretrial motions, and that he was found guilty in the felony case and sentenced to eight years imprisonment. Plaintiff seeks monetary compensation for Wheeler's inactions.

When a party proceeds *in forma pauperis*, the district court may scrutinize the basis of the complaint and, if appropriate, dismiss the case without service of process if the lawsuit is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks

monetary relief from a defendant who is immune from such relief. 42 U.S.C. § 1997(e)(c); 28 U.S.C. § 1915(e)(2)(B). An action is frivolous if it lacks any arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998). A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges violation of a legal interest which clearly does not exist. *Harris v. Hegmann*, 198 F.3d 153, 156 (5th Cir. 1999).

A plaintiff seeking relief under 42 U.S.C. § 1983 must establish two essential elements: that the conduct complained of was committed by a state actor under color of state law, and that the conduct deprived the plaintiff of rights secured by the Constitution or laws of the United States. *Hernandez v. Maxwell*, 905 F.2d 94, 95 (5th Cir. 1990). Private attorneys, including public defenders, are not state actors within the meaning of section 1983. *Polk County v. Dodson*, 454 U.S. 312, 321-22 (1981). Plaintiff's claims against Wheeler are not cognizable under section 1983 because a defense attorney in a criminal proceeding is not a state actor. *Hudson v. Hughes*, 98 F.3d 868, 873 (5th Cir. 1996). Plaintiff fails to state a claim upon which relief can be granted against his lawyer, and accordingly, cannot prove any set of facts in support of his claim of legal malpractice against Wheeler under section 1983. Because plaintiff's complaints against Wheeler are legally frivolous, the Court will dismiss this lawsuit.

For the reasons set forth above and pursuant to 28 U.S.C. §§ 1915A and 1915(e)(2), this lawsuit is **DISMISSED WITH PREJUDICE** as frivolous and for failure to state a

claim. Plaintiff's application to proceed *in forma pauperis* (Docket Entry No. 2) is **DENIED AS MOOT**.

The Clerk will provide a copy of this dismissal to the parties and to the Clerk of the United States District Court for the Eastern District of Texas, Tyler Division, 211 West Ferguson, Tyler, Texas, 75702, Attention: Inmate Three-Strike List Manager.

Signed at Houston, Texas, on this the 25th day of January, 2007.

_____
KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE